UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
ALEKSANDRA MELNICHENKO,

                  Plaintiff,

        v.

110 CENTRAL PARK SOUTH CORPORATION,

                  Defendant.
------------------------------------------------------------
110 CENTRAL PARK SOUTH CORPORATION,

                  Third Party Plaintiff,

        v.

112 CENTRAL PARK SOUTH, LLC, J.T. MAGEN
& COMPANY, INC., and EPIC MECHANICAL
CONTRACTORS, LLC,

                  Third Party Defendants.

------------------------------------------------------------

Index No. 1:16-cv-5156

THIRD PARTY
COMPLAINT

       Third Party Defendant 110 Central Park South Corporation, by its attorneys and

pursuant to Rule 14 of the Federal Rules of Civil Procedure, as and for a third party complaint

against 112 Central Park South, LLC, J.T. Magen & Company, Inc., and Epic Mechanical

Contractors, LLC, alleges the following:

       1. 110 Central Park South Corporation (the "Co-op") is a cooperative apartment

corporation with an address at c/o Penmark Management, LLC, 770 Lexington Avenue, New

York, New York.

       2. 112 Central Park South, LLC (the "Sponsor") is a New York State limited liability

company with an address at c/o Anbau Enterprises, 206 Fifth Avenue, New York, New York,

10010.

3. J.T. Magen & Company, Inc. ("J.T. Magen") is a New York State corporation with an address at 44 West 28 Street, New York, New York, 10001.

4. Epic Mechanical Contractors, LLC ("Epic") is a New York State corporation with an address at 76 Mall Drive, Commack, New York, 11725.

5. Co-op is the owner of the co-op building located at 110 Central Park South.

6. Sponsor was the sponsor of the co-op building, and was responsible for designing, contracting, and supervising the construction and renovation of the building.

7. Pursuant to an offering plan declared effective in January 2006, Sponsor agreed and represented that the co-op building would be built in accordance with certain plans and specifications, and that the co-op building would be built in accordance with applicable building codes, and in accordance with then prevailing standards of workmanship in the construction industry.

8. Pursuant to an offering plan declared effective in January 2006, Sponsor agreed to bear costs and expenses incurred in connection with the construction of the co-op building.

9. The said offering plan describes a new addition to be built atop the building – part of which is plaintiff's premises described in her complaint -- and major interior renovation.

10. The said offering plan also describes construction of the façade on the new addition, and repairs to the existing façade and to other parts of the building exterior.

11. The said offering plan also contained a representation from the Sponsor that there were no defects in the building, and that there was no need for major repairs to the building unless specified.

12. J.T Magen was the general contractor for the construction and renovation described herein.

13. Epic Mechanical was the mechanical contractor for the building's mechanical systems.

14. Sponsor, J.T. Magen, and Epic Mechanical performed the construction and renovation negligently and defectively, which negligence resulted in the following by way of example and not limitation: defects in the façade around and roof atop the new addition to the building, inadequate roof flashing, deficient waterproofing and insulation around windows, inappropriate filler inside the walls of the building, leaky terrace doors and missing doorway saddles and sills, and deficiently sealed mechanical units and pipe penetrations.

15. The acts and omissions described herein constitute breaches by the Sponsor of the obligations, warranties, and representations contained in the offering plan as amended.

16. The acts and omissions of the third party defendants have caused damage to the building, including but not limited to water leakage into various residents' apartments.

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL THIRD PARTY DEFENDANTS</u>

17. Third party plaintiff incorporates by reference the allegations contained in paragraphs one through sixteen above, as if fully set forth at length.

18. Sponsor, J.T. Magen, and Epic performed the construction and renovation work described herein in a negligent manner, and contrary to then prevailing building codes and construction standards.

19. Plaintiff herein has filed a complaint against the Co-op (**Exhibit "A"** hereto) alleging damages *inter alia* arising out of leaks into plaintiff's apartment unit at the building.  In the event plaintiff proves her claim and establishes damages, then upon information and belief said damages were caused by the negligence of the third party defendants, with no negligence

on the part of the Co-op, and the Co-op is entitled to a judgment over against the third party defendants for any judgment obtained by plaintiff against the Co-op.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST SPONSOR

20. Third party plaintiff incorporates by reference the allegations contained in paragraphs one through nineteen above, as if fully set forth at length.

21. Sponsor's construction was performed in a manner contrary to its obligations and representations in the offering plan as amended.

22. Sponsor breached its agreement with the Co-op.

23. In the event plaintiff proves her claim and establishes damages, then said damages were caused by Sponsor's breach of its agreement with the Co-op, and the Co-op is entitled to a judgment over against the Sponsor for any judgment obtained by plaintiff against the Co-op.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL THIRD PARTY DEFENDANTS

24. Third party plaintiff incorporates by reference the allegations contained in paragraphs one through twenty-three above, as if fully set forth at length.

25. In the event plaintiff recovers judgment, the Co-op is entitled to indemnification from all third party defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL THIRD PARTY DEFENDANTS

26. Third party plaintiff incorporates by reference the allegations contained in paragraphs one through twenty-five above, as if fully set forth at length

27. In the event plaintiff recovers judgment, the Co-op is entitled to contribution from all third party defendants.

**WHEREFORE,** Third party plaintiff requests dismissal of the Complaint, but in the alternative, a judgment on the claims in third party complaint over and against the third party defendants in the amount and to the extent of any judgment recovered by the plaintiff, and such other and further relief as the Court deems just and proper.

Dated: September 1, 2016
     New York NY

ARTHUR P. XANTHOS (AX – 4085)
Gartner + Bloom, PC
801 Second Avenue, 11th Fl.
New York NY  10017
(212) 759-5800
arthur@gartnerbloom.com